## No. 436.

Mrs. Martha Grayson, Administratrix, and in her own right, *v.* John Buie.

The question in this case is, whether at the expiration of a three years' lease, the defendant delivered a certain plantation with its buildings and appurtenances in a good state of repair, as he had bound himself to do.

Plaintiff having excepted to the introduction of testimony to show that the boards which were retained on one side of the house were as good as new, the judge *a quo* erred in maintaining the exception. The defendant's contract was to cover the house with good boards. Whether the boards were old or new matters not.

The judge *a quo* did not err in refusing the defendant the right to prove in what condition the leased premises were when he took possession of them. Whatever their condition was then, his obligation was to restore them in good repair. Neither did he err when refusing to admit in evidence plaintiff's receipt for rent. She was not suing for rent but for damages. There was error, however, in refusing to prevent the defendant to establish that, when the money for the lease was paid, the plaintiff expressed herself satisfied with the condition of the premises.

The judge *a quo* erred also in not permitting the defendant to prove that the matters involved in this suit had been adjusted before proceedings were taken. His payment of the rent may have been made only upon the stipulation that it was to be regarded as a final settlement between them.

It was proper to reject the testimony offered to prove that the fences of the leased premises were in as good condition as those of the neighbors; that they were sufficient to keep the stock in as well as out; that their state of dilapidation was the result of natural decay, etc. The only question was whether they were in a good condition at the expiration of the lease.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *Cuny,* J. Jury trial. *Morrison & Farmer,* for plaintiff and appellee. *S. L. Elam,* for defendant and appellant.

Morgan, J. Plaintiff leased a plantation, situated on the Bœuf river, to the defendant for three years. The terms of the lease were

two hundred dollars per annum, defendant agreeing to recover the dwelling house with good cypress boards, three feet long, showing one foot to the weather; he was to keep the place in good order, put new posts under the gin sheds; was to have the use of the mill and gin; and at the end of three years deliver the place in good repair. The rent seems to have been paid. The suit is brought to force the defendant to put the place in good repair, in such time as the court may think reasonable, or in default that he be condemned to pay one thousand five hundred dollars additional damages in consequence of plaintiff's not being able to lease the place on account of its bad condition when the defendant left it. There was judgment in favor of the plaintiff for seven hundred and fifty dollars. Defendant appeals. The house was recovered, but the evidence showed that on one side of the roof the old boards were retained. Defendant then attempted to show that the boards complained of were as good as new. To the introduction of this testimony plaintiff excepted and the exception was maintained The judge erred. The defendant's contract was to cover the house with good boards, whether the boards were old or new mattered not.

The judge did not err in refusing the defendant the right to prove in what condition the leased premises were when he took possession of them. Whatever their condition was then his obligation was to restore them in good repair, and the question was, were they in good repair when they were returned. Neither did he err in refusing to admit in evidence plaintiff's receipt for the rent. She was not suing for rent, but for damages. He did, however, err in refusing to permit the defendant to establish that when the money for the lease was paid, plaintiff expressed herself gratified with the condition of the leased premises. We think he erred also in not allowing the defendant to prove that the matters involved in the suit had been adjusted before proceedings were taken. His payment of the rent may have been made only upon the stipulation that it was to be regarded as a final settlement between them.

Defendant offered to prove by a witness that the fence inclosing the leased premises was, when he returned them, in as good repair as other fences inclosing plantations in the same neighborhood. The judge did not err when he refused to admit this testimony. The contract referred to no fences except those surrounding the property leased by the plaintiff. The condition of the fences of other people, or whether there were any fences on their property or not, was not a matter of any particular concernment to her. Neither did he err in not allowing the defendant to prove that the fence was sufficient to keep out the stock; that no stock broke through the fence; that the dilapidated condition of the fences was the natural result of decay; that the

ditches had been cleaned out in 1871. The only question being, as we have seen, what was the condition of the place when it was given up, and had the defendant complied with his contract? The errors, however, which we have pointed out, renders it necessary that the case should be remanded.

It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment of the district court rendered thereon be avoided, annulled and reversed, and that the case be remanded to the district court to be proceeded in according to law and according to the views herein expressed, plaintiff to pay costs of appeal.

Rehearing refused.